UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Patrick Brown, ) | |
| ) | |
| Plaintiff, ) | Case No. 17-cv-1647 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| Tarry Williams, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Patrick Brown brings this suit under 42 U.S.C. § 1983 against Tarry Williams, in his individual capacity and in his official capacity as the warden of Stateville Correctional Center ("Stateville"). Brown alleges that Williams was deliberately indifferent to his medical needs relating to the treatment of his seizures while he was incarcerated at Stateville, in violation of the Eighth Amendment. Before the Court today is William's motion for summary judgment. For the reasons explained below, Defendant's motion [298] is denied with respect to the claims brought against Williams in his individual capacity and granted with respect to the claims brought against Williams in his official capacity as warden of Stateville.

**Background**

On February 28, 2020, Brown filed his Second Amended Complaint alleging that Williams, Alma Martija, M.D. ("Dr. Martija"), and Wexford Health Sources Inc., were deliberately indifferent to his medical needs in violation of the Eighth Amendment of the Constitution. On November 2, 2022, on receipt of a joint stipulation from the parties, the court dismissed the suit as to Wexford Health Sources and Dr. Martija, leaving Williams as the sole remaining defendant. Williams is named in both his individual and official capacity.

1

For the purposes of evaluating this motion, the following facts are accepted as true. Plaintiff's claims arise from the treatment of his seizures at Stateville, where he was incarcerated from 2004 through December 17, 2015, at which point he was moved to Pontiac Correctional Center. Williams served Stateville's warden from April 2014 through July 15, 2015. (Dkt. 302, ¶ 3). On April 22, 2014, Brown was prescribed a medication, Keppra, to treat he had suffered from for over a decade. (*Id.* at ¶ 2.) In early 2015, Brown reported to Dr. Martija, his doctor at Stateville, that he was experiencing seizures again. Medical records indicate that Brown was only receiving doses of Keppra, which is a daily medication, once or twice per week. (Dkt. 302-15, at 784). Brown told Dr. Martija on February 3, 2015 that his seizures were getting worse, but Dr. Martija still recorded his seizures as "Good" and noted "No Reported Seizures Past (1) Year." (*Id.* at 783). On August 11, 2015, Brown saw Dr. Martija again and Dr. Martija took him off Keppra. (Dkt. 302, ¶ 5). Brown suffered numerous seizures after that.

**Legal Standard**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In determining whether a genuine issue of material fact exists, this Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). However, "[m]erely alleging a factual dispute cannot defeat the summary judgment motion." *Samuels v. Wilder*, 871 F.2d 1346, 1349 (7th Cir. 1989). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

**Analysis**

Williams raises two scant arguments in support of his motion for summary judgment. First, he argues that Brown failed to establish the requisite personal involvement by Williams required for liability under § 1983 because he was not Stateville's warden during the period in question. Second, Williams argues that claims against him in his official capacity are moot.

Turning first to Williams' personal involvement, his sole argument is that Williams was no longer the warden of Stateville when Brown was taken off Keppra on August 11, 2015. Because Williams was no longer at Stateville when Brown was taken off his medication, he argues it is impossible for Brown to show that Williams was personally involved in that decision.

It is undoubtably true that defendants must play an individual role in some constitutional injury to warrant liability under § 1983. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). And if the sole constitutional violation alleged here was that Brown was taken off his medication on August 11, 2015, then Williams would be correct. But facts surfaced during discovery and discussed by Brown in his opposition to the present motion suggest that the injury in question may have begun as soon as early 2015, when Brown was not given adequate doses of his seizure medication and when Williams was still warden. Of course, questions remain as to whether that failure amounts to an Eighth Amendment violation and as to whether Williams himself was personally involved.[1] But the Court can only evaluate the arguments presented to it, and Williams' departure from Stateville in July 2015, on its own, is insufficient to defeat Brown's deliberate indifference claim.

Turning to the claim against Williams in his official capacity as warden of Stateville, he argues the claim is moot because Brown is no longer incarcerated at Stateville. This is correct. First,

---

[1] Brown presents a several theories supporting Williams' personal involvement in his injury, including Williams' role in staffing shortages and recordkeeping issues among the medical staff at Stateville, as well as a 2014 Order from another Court in this district placing him on notice of Brown's need for medical care; the Order specifically instructs the warden of Stateville to "ensure that Plaintiff receives medical and mental health attention for his medical and psychological needs." (Dkt. 32-22, at 2). The Court takes no stance today on whether Plaintiff has raised a triable question of fact as to Williams' individual role in his alleged injury nor on whether all the elements of a deliberate indifference claim are met. It finds only that the dates of Williams' service at Stateville alone cannot defeat Brown's claim.

a plaintiff is only able to seek injunctive relief, not damages, against a state employee in his official capacity, because a damages suit is prohibited by the Eleventh Amendment. *Sweeney v. Madigan*, 359 F. Supp. 3d 585, 592 (N.D. Ill. 2019) (Coleman, J.) ("The Eleventh Amendment generally bars actions in federal court against . . . state officials acting in their official capacities."). Second, Brown is unable to seek an injunction against the warden of Stateville because he is no longer incarcerated there. "If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (citing *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988)). Brown has not attempted to make a showing that he is likely to be retransferred to Stateville. Brown's claim against Williams in his official capacity as warden is thus moot and dismissed from the suit.

**Conclusion**

For the reasons stated above, William's motion for summary judgment is denied in part and granted in part. The motion is denied with respect to Williams in his individual capacity and granted with respect to his capacity as warden of Stateville Correctional Center.

IT IS SO ORDERED.

Date: 9/28/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

4